**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Patricia Spano and Anthony Spano, | |
| Plaintiffs, | |
| v. | Case No. 2017-cv-7570 |
| Kohl's Department Stores, Inc., and Kimco Facilities Services, LLC | **Removal of Civil Action from the Circuit Court of Cook County Case No. 2016 L 12333** |
| Defendant. | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Kohl's Department Stores, Inc. (Kohl's), removes the above-entitled action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court of Northern District of Illinois, Eastern Division, based on the following grounds:

1.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### CITIZENSHIP OF THE PARTIES

2.     On December 19, 2016, Plaintiffs, Patricia Spano and her husband Anthony Spano, filed their Complaint alleging premises liability and loss-of-consortium claims against Kohl's, Co-Defendant Kohl's Illinois, Inc., and other defendants due to injuries that Patricia Spano sustained from an alleged incident occurring at a Kohl's Department Store located at 1001 75th Street, in Woodridge, Illinois. (Pls.' Compl. ¶ 1, attached as **Ex A**.)

3.     On September 22, 2017, Plaintiffs amended their complaint, omitting all of the originally named Defendants other than Kohl's and Defendant Kimco Facilities Services, LLC (Kimco). They therefore omitted—and thus did not allege any cause of action against—Kohl's Illinois, Inc., a non-diverse Defendant. (*See* Pls.' 1st Am. Compl., attached as **Ex. B**.) Six days later, Plaintiffs voluntarily dismissed all of the now-omitted Defendants, including Kohl's Illinois, Inc. (*See* Sept. 28, 2017, order, attached as **Ex. C**.)

4.     At the time of the subject incident, at the time this action was filed in Illinois State Court, and at the time of the filing of this Notice of Removal, Plaintiffs were citizens of Illinois and resided at 9011 Coppergate Road, in Woodridge, Illinois. (*See* Nat'l Comprehensive Report, attached as **Ex. D**; *see also* Kohl's Incident Report, attached as **Ex. E**.)

5.     Defendant, Kohl's Department Stores, Inc., was incorporated in the State of Delaware and headquartered with its principal place of business in the State of Wisconsin at the time of the incident complained of, at the time the Complaint was filed, and at the time of the filing of this Notice of Removal. (*See* WI Dept. of Fin. Inst. documentation, attached as **Ex. F**.)

6.     At the time of the incident complained of, at the time the Complaint was filed, and at the time of removal, Defendant Kimco was a limited liability company organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia, consisting of two members: Jim Given and Alaris Royalty Corp. (*See* Aff. of Elena Santana, ¶¶ 3–4, attached as **Ex. G**.)

7.    At the time of the incident complained of, at the time the Complaint was filed, and at the time of removal, Jim Given was a citizen of Tennessee. (*Id.* at ¶ 5.)

8.    At the time of the incident complained of, at the time the Complaint was filed, and at the time of removal, Alaris Royalty Corp. was a corporation organized under the laws of Canada with its principal place of business in Calgary, Alberta, and was thus a citizen of Canada. (*Id.* at ¶ 6.)

### AMOUNT IN CONTROVERSY

9.    Plaintiffs demand judgment against Kohl's in a sum in excess of $100,000, and judgment against Kimco in a sum in excess of $100,000. (*See e.g.,* Pls.' 1st Am. Compl., Count I, Count II.)

10.    Plaintiffs allege that as a direct result of Kohl's negligence, Patricia Spano "injured her right shoulder and re-injured her left knee, requiring doctor's visits, physical therapy, surgery to her right shoulder, medical bills, canceled trips, and loss of her normal enjoyment of life." (*See e.g.*, *id.* at Count I, ¶ 11.)

11.    Because of Plaintiffs' allegations, Kohl's has a good-faith belief that the amount in controversy exceeds $75,000. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (noting that to establish the amount-in-controversy requirement, the removing party must only show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court….").

### JURISDICTION

12.    Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as any Defendant. *WI Dept. of Corrections v. Schacht*, 524 U.S. 381, 388

(1998); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The District Court thus has original jurisdiction pursuant to 28 U.S.C. § 1332.

### NOTICE OF REMOVAL IS TIMELY

13. Plaintiffs filed their original Complaint on December 19, 2016, but their original pleading included additional defendants, including Kohl's Illinois, Inc.

14. Kohl's Illinois, Inc. was a corporation organized and incorporated under the laws of Nevada, with its principal place of business in Illinois. Consequently, diversity of citizenship did not exist at the time Plaintiffs filed their original Complaint or while the parties engaged in written discovery in the state court proceeding.

15. On September 22, 2017, Plaintiffs filed and served their First Amended Complaint, which omitted all but one of the Kimco entities, and omitted Kohl's Illinois, Inc., as defendants. (*See* Pls.' 1st Am. Compl.) Consistent with their new pleading, on September 28, 2017, Plaintiffs voluntarily dismissed all of the entities that they omitted in their First Amended Complaint, including Kohl's Illinois, Inc. (*See* Sept. 28, 2017, order.)

16. Kohl's filed this Notice of Removal within thirty days of Plaintiffs filing and serving their First Amended Complaint and subsequently dismissing all diversity-destroying defendants, and therefore within thirty days of when this matter first became removable to federal court. *See* 28 U.S.C. § 1446(b)(3) (stating that "…if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

17.     Kohl's Notice of Removal is also filed within one year of Plaintiffs filing their initial Complaint, as required by 28 U.S.C. §§ 1441 and 1446(b)(3). *See Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012) (noting that "the removal statute allows a little play in the joints when it may not be apparent at the outset that a proceeding can be removed.")

## CONSENT

18.     Co-Defendant Kimco consents to removal under 28 U.S.C. § 1446(b)(2)(A). (*See* Oct. 19, 2017, email, attached as **Ex. H**.)

## CONCLUSION

19.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Kohl's will give written notice of the removal to Plaintiffs through their attorney of record, and to the Clerk of the Circuit Court of Cook County, Illinois.

20.     Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, Kohl's Department Stores, Inc., states that this Court has original jurisdiction over Plaintiffs' claims and hereby removes this action from the Circuit Court of Cook County, Illinois.

Respectfully submitted,

By: /s/Matthew D. Kelly
    Mitchell P. Morinec, Esq.
    Matthew D. Kelly, Esq.
    SEGAL MCCAMBRIDGE SINGER & MAHONEY
    233 South Wacker Drive, Suite 5500
    Chicago, IL 60606
    Tel:   (312) 645-7800
    Fax:   (312) 645-7711
    mmorinec@smsm.com
    mkelly@smsm.com
    *Attorneys for Kohl's Department Stores, Inc.*

### CERTIFICATE OF SERVICE

I certify that on **October 19, 2017**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and served the foregoing Notice of Removal upon the counsel of record listed below, via regular U.S. Mail, proper postage prepaid, from the offices of Segal McCambridge Singer & Mahoney, Ltd., Willis Tower, Suite 5500, 233 S. Wacker Drive, Chicago, IL 60606:

Sam Cuba
Law Offices of Sam Cuba
7480 W. College Dr., #101
Palos Heights, IL 60463
(708) 671-9912
samcuba.law@gmail.com
*Plaintiffs' Counsel*

John Stiglich
Wilson Elser Moskowitz
   Edelman & Dicker LLP
55 West Monroe Street
Suite 3800
Chicago, IL 60603-5001
312.821.6172 (Direct)
312.704.1522 (Fax)
john.stiglich@wilsonelser.com
*Attorneys for Kimco Facility Services, LLC*

By: /s/Matthew D. Kelly
      Mitchell P. Morinec, Esq.
      Matthew D. Kelly, Esq.
      SEGAL MCCAMBRIDGE SINGER & MAHONEY
      233 South Wacker Drive, Suite 5500
      Chicago, IL 60606
      Tel:   (312) 645-7800
      Fax:   (312) 645-7711
      mmorinec@smsm.com
      mkelly@smsm.com
      *Attorneys for Kohl's Department Stores, Inc.*

- 7 -